CHARLES G. SARGENT & another *vs.* SAMUEL BEAN.

A sale and conveyance of land by a collector of taxes for nonpayment of taxes assessed thereon to William, but intended by the assessors to be assessed to Charles, under warrant in which the first name of the owner, as originally written, has been erased by the collector, and the name of Charles inserted, with the addition of the words, " or owner unknown," and after notices of sale in which Henry is mentioned as the owner, is not sufficient evidence of title, against one who has been in possession of the land ten years.

WRIT OF ENTRY. Plea, nul disseisin. At the trial in this court, the demandants claimed title under a deed, which they produced, from Ithamar W. Beard, as collector of taxes for the city of Lowell for the year 1850; and called as witnesses two of the assessors for that year, who produced their record of the assessment of a tax on the land to William S. Homer of Boston; but one of the assessors testified that the tax was so assessed by mistake, and was intended to be assessed to Charles S. Homer. It also appeared that in the published and posted notices of the sale of the property the name of Henry S. Homer was inserted as owner. But the assessors testified that they did not know any person bearing either of these names, nor the person in-

11*

tended to be taxed, nor whether such person resided in Lowell; that they had made inquiries, and could not ascertain who owned the land, but they had not searched the records for that purpose. On the warrant of the assessors to the collector, it appeared that the first name of Homer, as originally written, had been erased, and "Charles" written in its place, and the words "or owner unknown" added. The collector testified that he made these alterations, but could not say whether before or after the sale, or whether he had any authority from the assessors to make them. There was no evidence that any person named Homer was ever in possession of the land, or had any title to it; but the collector testified, that at a previous sale of the land for taxes in 1848 the land was bid off by Charles S. Homer, but it did not appear that any deed was ever delivered to him.

The tenant introduced evidence tending to show that he had been in possession and occupation of the land, and had cultivated it for nine or ten years.

*Metcalf*, J. instructed the jury that the demandants were entitled to recover upon this evidence, the jury found a verdict accordingly, and the tenant alleged exceptions.

*A. P. Bonney*, for the tenant.

*B. F. Butler*, for the demandants. The deed to the demandants from Beard, claiming title to the premises, was sufficient *prima facie* evidence to sustain the action. *Burridge* v. *Fogg*, 8 Cush. 183. *Ward* v. *Fuller*, 15 Pick. 185.

The name of the owner is only one way of describing premises; and a mistake in the Christian name does not avoid the tax, especially when the owner is a nonresident. Rev. Sts. c. 8, § 5. *Alvord* v. *Collin*, 20 Pick. 427. *Tyler* v. *Hardwick*, 6 Met. 470. In the notices of sale, the name of the owner should be stated, if known to the collector. Rev. Sts. c. 8, §§ 24, 25, 27. Here it is evident that the collector did not know the name. How can a mistake in stating the name, when not known, be worse than an omission to state any name?

DEWEY, J. The tenant may well rely upon his title by actual occupation for many years previously to the institution of the

present action, until some better utle is shown.    The tenant's is the older and the better title, unless it has been lost by the sale for taxes in 1850.    The validity of that sale is controverted, for various reasons.

The Rev. Sts. c. 7, § 7, require that " all taxes on real estate shall be assessed to the person, who shall be either the owner or in possession thereof, on the first day of May."    The tax assessed upon William S. Homer was therefore clearly assessed erroneously.    It is conceded that he was not the owner, or party in possession.

The further inquiry is, whether the provisions of c. 8, § 5, will cure this defect.    That section provides, that " if there shall be any error in the name of any person taxed, the tax assessed to him may, notwithstanding such error, be collected of the person intended to be taxed, provided he is taxable, and can be identified by the assessors."    Looking at this provision, it seems particularly intended to be applied to cases of actual collection of taxes from persons who ought to have been assessed, but where some error has occurred in entering the name on the assessors' list, or tax list, and to justify the levy on property in such cases. This court, in the case of *Tyler* v. *Hardwick*, 6 Met. 470, where the money had been paid by the plaintiff to avoid compulsory proceedings, gave a liberal construction to the above provision ; holding it applicable to cases where the name was mistaken, not only by omitting, but by misnaming.    In that case, there was no party interested or to be affected by the result but the party who was required to pay the tax.    In the present case, had a similar mistake existed in the list, in reference to the name of the tenant or possessor, that case would have applied, and answered the objection.

The tenant here insists that he has the right to require the assessors to assess the land to him, because he was such tenant ; or, if they do not, they must at their peril assess the tax upon the true owner of the land.    This tax was assessed to William S. Homer, who was not such owner, as is conceded.

The next inquiry is, whether this name was inserted by mistake in the description of the name.    One of the assessors

testified that the tax was intended to be assessed to Charles S. Homer. Supposing that would, under the statute, have been sufficient as a case of mistake in the name, if Charles S. Homer had been shown to be the real owner, yet the difficulty then occurs, that there was no competent evidence in the case to show that Charles S. Homer was the owner of these premises.

But further; in the notices of sale, the tax was described as a tax to Henry S. Homer. The tax list had been altered by the collector after it came into his hands, the name of William S. Homer erased, and the entry of the tax made to " Charles S. Homer, or owner unknown ; " and this was succeeded by publishing notices of sale for a tax assessed to yet another person, " Henry S. Homer."

We are of opinion that it is open to the tenant, who was in possession under an occupation for several years previously to the time when this list of taxes was made, to insist that those proceedings were irregular, and that no valid title passed by such sale, as against his older and better title than any shown to have existed at the time of assessing this tax.

*New trial ordered.*